IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LESLIE REDMOND | ) | |
| (BOP Registration No. 31204-177), | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 3:16-CV-1681-K |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Movant Leslie Redmond, a federal prisoner, proceeding *pro se*, has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence, challenging two convictions for using, carrying, and brandishing a firearm during or in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(l)(A), pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), arguing that these convictions are unconstitutional because Section 924(c) defines crime of violence in terms similar to the residual clause of Section 924(e), which was found unconstitutionally vague in *Johnson*.

As Redmond acknowledges, however, this is an unauthorized successive motion under Section 2255. *See generally* Dkt. No. 1. And, at the time Redmond filed this action in this Court, he had moved for authorization to file a successive Section 2255 motion in the United States Court of Appeals for the Fifth Circuit. *See id.* at 10-12. The Fifth Circuit has since denied that motion. *See In re Redmond*, No. 16-10707 (5th

1

Cir. Oct. 26, 2016) (per curiam) (holding that, because Redmond "contends that his underlying offenses of armed bank robbery do not qualify as crimes of violence," he "has not made the showing required to obtain our authorization to file a successive § 2255 motion" (citing *In re Fields*, 826 F.3d 785, 786-87 (5th Cir. 2016) (denying authorization to challenge convictions under Section 924(c) pursuant to *Johnson*))).

As to the disposition of Redmond's action in this Court, the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") limits the circumstances under which an individual may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). In order to file a second or successive Section 2255 motion, a movant must show that the motion is based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

As reflected above, that determination must be made by a three-judge panel of a United States court of appeals before a motion is filed in the district court. *Id.* §§ 2244(b)(3) & 2255(h); *see, e.g., United States v. Mathis*, 660 F. Supp. 2d 27, 30 (D.D.C. 2009) ("As is readily apparent from this statutory language, the determination of

whether a new rule of constitutional law exists must be decided *by the court of appeals* – and not by the district court – before the second or successive § 2255 motion may be filed in the district court." (emphasis in original)).

The appellate certification requirement for a successive Section 2255 motion "acts as a jurisdictional bar to [this] district court's asserting jurisdiction over any successive [motion to vacate] until [the Fifth Circuit] has granted the [movant] permission to file [such a motion]." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *accord Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003); *Williams v. Thaler*, 602 F.3d 291, 301 (5th Cir. 2010).

Because the Fifth Circuit, not this Court, is the proper initial gatekeeper for successive Section 2255 motions, and because the Fifth Circuit has denied authorization for the current action, the interests of justice favor **DISMISSAL** of this action. *See United States v. King*, Nos. 3:97-cr-0083-D-01 & 3:03-cv-1524-D, 2003 WL 21663712, at *1 (N.D. Tex. July 11, 2003) (citing *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997)), *rec. adopted*, 3:03-cv-1524-D, Dkt. No. 7 (N.D. Tex. July 28, 2003).

**SO ORDERED.**

Signed January 12th, 2017.

_Ed Kinkeade_

ED KINKEADE
UNITED STATES DISTRICT JUDGE